In the matter of the application of HENRIETTA MAHNKEN and others for payment of money to a foreign guardian.

A testator gave to his wife the income from certain property during her life, with remainder to their children. At the time of her death, there were due to her from his executors about $3,400 on account of accrued income. The minor children, who are the sole legatees under their mother's will, and under it entitled to all her property, and are non-residents with a guardian duly appointed at their domicil, applied for authority for their guardian to receive the money and remove it to the place of their domicil, under the act authorizing the payment of funds here to the guardian of non-resident infants. The executors resisted the application, on the ground that the money can only be recovered by the legal representative of the mother's estate here, and that they cannot be required to pay to any one else. The objection was sustained, and the order refused.

On petition, master's report and depositions and other evidence.

*Mr. J. F. Randolph,* for petitioners.

*Messrs. Talcott & Meyer,* for executors of J. L. Mahnken, deceased.

THE ORDINARY.

The petitioners are the four minor children of John L. Mahnken and Catharina, his wife. Both parents are dead.

Mahnken's Case.

The children live in Germany, and they have a guardian duly appointed there. This application is made to obtain authority for him to receive the money which it is claimed by him and them is due from the executors of their father here to them for rents and income received by the executors from property, the rents and income of which were given to their mother for life by their father's will. Their mother, by her will (it has not been proved here, nor has any grant of administration been made here on her estate), gave them all her property. Their father died in 1877 and their mother in 1878. It appears by the report of the master to whom the matter was referred on the petition, that the executors have in their hands, of income and rents received after the father's death and up to that of the mother, $3,394.81, which belonged to the latter at the time of her decease, and also of the income and rents from the property accrued and received by them since the mother's death (the property was given by the will to the children on her death or remarriage), and up to January 1st, 1880, the further sum of $3,979.49. But the children are entitled to the whole of their father's personal and real estate, and by the executors' account of 1880, the balance in their hands was $43,512.72. This proceeding, however, is only in reference to the money—a debt—due to the mother. The act under which these proceedings are taken, provides that in case any guardian and his ward are both residents of another state, or of a foreign country, and the ward is entitled to any property, real or personal, in which shall be included property or money in the hands of any resident guardian, any legacy or distributive share in the hands of any executor or administrator in this state &c., it shall be lawful for the ordinary, or the orphans court of the proper county, to make an order that the foreign guardian may receive the rents, issues and profits of the real estate, and demand, sue for, collect and receive such legacy, distributive share, moneys or other personal property and remove it or them to the place of the residence of himself and ward, and that the delivery, transfer or payment of such property or money to such guardian after the making of the order, shall be a legal discharge and acquittance therefor. *Rev. p. 466*

§ *6.* By the act of 1878, the same power which is given to the ordinary and orphans court by the above-quoted act is given to the chancellor in the like circumstances, with reference to funds or property belonging to a ward and deposited in the court of chancery or under the control and direction of the chancellor. *P. L. of 1878 pp. 326, 327.* It is evident that the act above quoted, under which these proceedings are taken, does not contemplate a litigation under the application to establish the amount due to the ward. In proceedings under that act, notice is, indeed, to be given to the resident guardian or executor or administrator in whose custody the property may be, of the application for the removal of the property. But it is not incumbent on the court to settle under such proceedings and notice the question whether a debt is due or not, except so far as may be necessary to satisfy it that there is property to be removed, and what it is and the amount of it; that is, so far as may be necessary to enable the court to adjudicate upon the matters which are submitted to it in the proceedings—the sufficiency of security, and whether it is for the interest of the ward that the removal should take place, and whether the removal will conflict with any terms or limitations attending the right by which the ward owns or is entitled to the property, and whether the interest of any citizen of this state in the property may be prejudiced by the removal. In this case, however, the executors do not deny, but on the contrary admit, that the amount which is found by the master to have been due to Mrs. Mahnken at her death, from them, is due, but they do not admit the right of the wards to recover the money by suit against them. They insist that it can only be recovered by a legal representative of the mother. On the other hand, the counsel of the petitioners insists that the children are such legal representatives by the law of Germany (the civil law), which is the law of their domicil, which was the domicil of their mother, and under which law her will was made. Under the act, this court cannot authorize the guardian to maintain a suit which neither the wards nor any guardian of theirs appointed under the laws of this state could maintain. The money due from the executors to the mother at her death can only be recov-

ered by a duly-empowered representative of her estate, and the children, as her legatees, obviously are not such representatives. No one claiming to be a representative, whether *a testato* or *ab intestato,* can meddle with any portion of the succession before proving the will or receiving a grant of administration or some other formal induction into the property in the forum where such portion is found. *Westlake on Int. Law, art. 291.* See, also, *Whart. Confl. L. § 604; 2 Redf. on Wills 18; Banta* v. *Moore, 2 McCart. 97.*

The application will be denied and the petition dismissed, with costs.